In the Matter of 117 CENTRE AVENUE CORP., Respondent, v. WINFRED M. BERG, as Mayor of the Incorporated Village of East Rockaway, et al., Appellants.—

No opinion. Rabin, Acting P. J., Munder, Martuscello and Brennan, JJ., concur; Hopkins, J., dissents and votes to reverse the judgment and to dismiss the petition, with the following memorandum: The question is whether subdivision 8 of section 89 of the Village Law requires the appellant Board of Trustees to designate the only newspaper published in the Village of East Rockaway as the official newspaper of the village. That statute, in my opinion, makes the designation of an official newspaper a matter of discretion; and it goes on to say that, if any newspaper in the county with circulation in the village is thus designated, then so shall the sole newspaper published in the village (if there be one) be designated. In the case before us, no newspaper has been made the official newspaper in the village. In that event, the statute says that a newspaper may be designated for the publication of each notice, resolution or ordinance, as required. But that designation is for that time alone and does not constitute the newspaper chosen at the time as the official newspaper of the village. I conceive the purpose of the statute to vest in the Board of Trustees full power to determine whether any newspaper should become the official newspaper in the village; and the designation could be granted or withheld according to the best judgment of the board. Here, the board decided not

to have an official newspaper, but to direct publication of proceedings required in newspapers designated as each occasion arose. This, I think, the statute permitted; and we should not read into the statute a mandate which it does not express.